Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE MIDEAST AWARENESS CAMPAIGN, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KING COUNTY, a municipal corporation,<br><br>Defendant. | No. 2:11-cv-00094-RAJ<br><br>**KING COUNTY'S BRIEF IN OPPOSITION TO SEATTLE MIDEAST AWARENESS CAMPAIGN'S MOTION FOR RELIEF FROM DEADLINE**<br><br>*Noted for February 4, 2011* |

## I.    RELIEF REQUESTED

This motion is being heard because Plaintiff has demanded premature and burdensome depositions while Defendant King County is busy responding to Plaintiff Seattle Middle East Awareness Campaign's (SeaMAC's) motion for preliminary injunction and before the parties have conferred as required by Fed.R.Civ.P. 26(f).  King County respectfully requests that this Court deny SeaMAC's motion for relief from deadline.  Plaintiff's request to conduct discovery during the week of February 7, 2011 should be denied in accordance to Fed.R.Civ.P. 26(d) and 30(a)(2)(A)(iii).  Also, Plaintiff fails to establish good cause for the request, which creates a substantial burden on Defendant.

KING COUNTY'S BRIEF IN OPPOSITION TO SEATTLE MIDEAST AWARENESS CAMPAIGN'S MOTION FOR RELIEF FROM DEADLINE - 1 (11-00094 RAJ)

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

## II.     STATEMENT OF FACTS

SeaMac filed its Complaint for Declaratory and Injunctive Relief and its Motion for Preliminary Injunction on January 19, 2011 [Dkt. 1-2]  Plaintiff initially noted the Preliminary Injunction Motion for February 4, 2011, but re-noted it for February 11, 2011 [Dkt. 5] when defense counsel pointed out that LCR 7(d)(3) requires noting the motion four Fridays after filing. Declaration of Endel R. Kolde ("Kolde Dec.") at ¶2.

By minute order [Dkt. 7], dated January 24, 2011, the deadline for the parties' Rule 26(f) conference is February 23, 2011, and it is undisputed that this conference has not yet taken place.  Kolde Dec. at ¶3.  Pursuant to LCR 7(d)(3), King County's papers in opposition to SeaMAC's Preliminary Injunction Motion are due on February 7, 2011.  Oral argument on Plaintiff's Motion for Preliminary Injunction has been scheduled for March 2, 2011.

In a brief telephone conversation on January 19, 2011, Defense counsel acknowledged the lawsuit and Plaintiff's counsel asked about the procedure for acceptance of service.  Kolde Dec. at ¶2.  During that conversation, Plaintiff's counsel also indicated that SeaMAC did not plan to seek early discovery, but that it might change *after* King County's response was filed, which is due February 7, 2011.  *Id.* at ¶¶2-3.  On, Tuesday, January 25, 2011, Plaintiff's counsel reversed course and sent an email requesting early depositions.  *Id.*, Ex. A.  Defense counsel indicated that he would respond the next day or Thursday.  *Id.*  On the next day, January 26, 2011, Plaintiff's counsel emailed a draft joint status report, even though the parties had not had their Rule 26(f) conference.  *Id.,* Ex. B.

At 10:30 a.m. on Thursday, January 27, 2010, Defense counsel emailed a response indicating that Defense counsel was busy responding to SeaMAC's motion and that we were not planning to have the Rule 26(f) conference until after the all the briefing on the preliminary

KING COUNTY'S BRIEF IN OPPOSITION TO SEATTLE MIDEAST AWARENESS CAMPAIGN'S MOTION FOR RELIEF FROM DEADLINE - 2 (11-00094 RAJ)

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1  injunction motion was filed. *Id.*, Ex. B. Defense counsel also requested an explanation for the

2  change of course on early discovery. *Id.* That afternoon, at 2:01 p.m., Plaintiff's counsel left

3  Defense counsel Endel Kolde a voicemail asking to discuss SeaMAC's request for oral argument

4  and request for early depositions. *Id.* at ¶6. At <u>no</u> point in the voice message (which the

5  undersigned has saved) does Plaintiff's counsel set a deadline or indicate that this motion for

6  relief would be forthcoming.[1] *Id.* Plaintiff's counsel sent another email at 2:23 p.m. which

7  mentioned the possibility of a motion, but did not set a deadline. *Id.,* Ex. C.

8  Nevertheless, at approximately 5:04 p.m that same, SeaMAC filed its Motion for Relief

9  from Deadline [Dkt. 8 & 9], just as Defense counsel was working on a reply email. Kolde Dec.

10  at ¶8, Ex. D. That email was sent at 5:08 p.m. *Id.,* Ex. D.

11  The next day, on January 28, 2011, without prior notice, Plaintiff also noted two

12  depositions. Kolde Dec., ¶¶9-10, Exs. E, F. The first deposition, noted for Februay 7, 2011, is a

13  30(b)(6) deposition, which would require multiple deponents and would likely take the entire

14  day, if not longer. Kolde Dec., Ex. E. This deposition is also noted for the day King County's

15  response briefing is due on the underlying preliminary injunction motion. The second deposition

16  notice directs King County Executive Dow Constantine to appear on February 8, 2011. *Id.,* Ex.

17  F. Both notices also include extensive requests for the production of documents at the

18  depositions, which were noted for a mere ten to eleven calendar days later, respectively. *Id.,* Exs.

19  E, F. It is undisputed that Plaintiff had not received leave of the Court prior to noting these

20  depositions and prior to the Parties conducting their Fed.R.Civ.P. 26(f) conference. *Id.* at ¶3; *see*

21  *also* Plaintiff SeaMAC's Motion For Relief From Deadline [Dkt. 8] at 2:11-19.

---

[1] As a result, Plaintiff's counsel declaration that he "left a message--advising that a Motion for Relief from Deadline may be necessary[,]" is mistaken. King County defers to the Court as to whether the requirements of LCR 37(a)(1)(A) have been met by counsel for SeaMAC.

| KING COUNTY'S BRIEF IN OPPOSITION TO SEATTLE MIDEAST AWARENESS CAMPAIGN'S MOTION FOR RELIEF FROM DEADLINE - 3 (11-00094 RAJ) | **Daniel T. Satterberg**, Prosecuting Attorney<br>CIVIL DIVISION, Litigation Section<br>900 King County Administration Building<br>500 Fourth Avenue<br>Seattle, Washington  98104<br>(206) 296-8820  Fax (206) 296-8819 |
|---|---|

On January 31, 2011, at the request of Defense counsel, the parties conducted a LCR 26(c)(1) telephone conference to discuss the deposition notices and King County's stated intent to file a motion for a protective order. Kolde Dec. at ¶14. Defense counsel requested that the deposition notices be withdrawn. *Id.* Plaintiff's counsel requested that the depositions be scheduled by agreement for later in February but did not agree to withdraw the depositions notices. *Id.* The parties were not able to reach an agreement and this response brief and King County's Motion for Protective Order ensued. *Id.*

### III.   EVIDENCE RELIED UPON

1.   Declaration of Endel R. Kolde In Support of King County's Brief in Opposition to Seattle Mideast Awareness Campaign's Motion For Relief From Deadline and the attachments thereto.

### IV.   ARGUMENT

**1.  SeaMAC's Premature Deposition Notices Are Unreasonable and Violate Fed.R.Civ.P. 26(d) and 30(a)(2)(A)(iii)**

It is undisputed that the parties have not had their Rule 26(f) conference. Kolde Dec. at ¶3. As such, the hold on discovery under Rule 26(d) applies, absent agreement or court order. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Similarly, Rule 30(a)(2)(A)(iii) requires that SeaMAC obtain leave of the Court since it seeks to "take the deposition before the time specified in Rule 26(d)[.]" Absent permission from this Court, SeaMAC's premature deposition notices are "defective and unenforceable." *Keller v. Edwards,* 206 F.R.D. 412, 415 (D.Md. 2002). Thus, as matters stand currently, the early depositions noted by SeaMAC do not comport with the court rules.

KING COUNTY'S BRIEF IN OPPOSITION TO SEATTLE MIDEAST AWARENESS CAMPAIGN'S MOTION FOR RELIEF FROM DEADLINE - 4 (11-00094 RAJ)

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1    Moreover, SeaMAC has failed to give reasonable notice for the depositions under Rule

2 30(b)(1).  The notices include a wide-ranging Rule 30(b)(6) deposition notice and a notice to the

3 top elected official in King County government.  Kolde Dec., Exs. E, F.  Accordingly, on this

4 date, defendant King County is filing its own Motion for Protective Order, concurrent with this

5 response.

**2.    SeaMAC has Failed to Show Good Cause for Early Discovery**

7    Plaintiff's motion is based on the bald assertion that expedited discovery is necessary

8 because SeaMAC is seeking a preliminary injunction.  Plaintiff's motion is unreasonable and

9 should be denied.

10    It is axiomatic that, pursuant to Rule 26(d), formal discovery does not commence until

11 after the parties have conferred as required by Rule 26(f).  *In re Countrywide Fin. Corp*

12 *Derivative Litig.*, 542 F.Supp.2d 1160, 1179 (C.D.Cal.2008).  "However, courts may permit

13 expedited discovery before the Rule 26(f) conference upon a showing of good cause." *Id*.  Good

14 cause exists '"where the need for expedited discovery, in consideration of the administration of

15 justice, outweighs the prejudice to the responding party." *Id*.  But expedited discovery is not

16 automatically granted simply because a party is seeking injunctive relief.  *American Legalnet,*

17 *Inc. v. Davis*, 673 F.Supp.2d 1063, 1066(C.D.Cal.2009).  Rather, such a request should be

18 examined based "on the entirety of the record to date and the reasonableness of the request in

19 light of all the circumstances. . ." *Merrill Lynch, Pierce, Fenner & Smith*, 194 F.R.D. 618, 624

20 (N.D.Ill.2000).

21    In determining the reasonableness of expedited discovery when a preliminary injunction

22 is pending, the following non-exclusive factors are considered: "the breadth of the discovery

23 requests; the purpose for requesting the expedited discovery; the burden on the defendants to

KING COUNTY'S BRIEF IN OPPOSITION TO SEATTLE
MIDEAST AWARENESS CAMPAIGN'S MOTION FOR
RELIEF FROM DEADLINE - 5 (11-00094 RAJ)

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

comply with the requests; and how far in advance of the typical discover process the request was made." *Disability Rights Council of Greater Wash.*, 234 F.R.D. 4, 6 (D.D.C.2006). In addition, the court always has the discretion to deny "excessive and burdensome discovery." <u>Qwest Commc'ns Int'l, Inc v. WorldQuest Networks, Inc.</u>, 213 F.R.D. 418, 419 (D.Colo.2003).

Here, Plaintiff offers no basis for its request other than to learn more about the nature of King County's defenses. *See* Plaintiff SeaMAC's Motion For Relief From Deadline [Dkt. 8] at 3:16-21. The sole purpose of a preliminary injunction is to preserve the *status quo* pending a determination of the action on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir.2009). Plaintiff fails to make even a *prima facie* showing that the requested discovery is necessary to preserve the *status quo;* nor has plaintiff clarified the scope of its request by explaining how the topics on which it seeks to depose Executive Constantine and the objects of its Rule 30(b)(6) deposition relate to the pending preliminary injunction. Therefore, neither Defendant nor the Court can properly evaluate the reasonableness of Plaintiff's request.

Instead, it appears that Plaintiff is seeking the discovery of evidence relevant to a trial on the merits, without the benefit of an orderly, planned discovery process. But a preliminary injunction is not a substitute for a trial. *Cobell v. Norton*, 391 F.3d 251 261 (D.C.Cir. 2004). In addition, King County's witnesses and attorneys should have the benefit of adequate time to prepare for depositions that could be outcome-determinative in this case.

**3.    Plaintiff's Request for Early Discovery is Burdensome and Would Prejudice King County**

Moreover, the Plaintiff's discovery request is burdensome and premature. Kolde Dec. ¶¶3, 11-12. First, Plaintiff has noted two depositions and both include requests for the production of documents. When a deposition notice joins a request for documents, Rule 34 procedures

KING COUNTY'S BRIEF IN OPPOSITION TO SEATTLE MIDEAST AWARENESS CAMPAIGN'S MOTION FOR RELIEF FROM DEADLINE - 6 (11-00094 RAJ)

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1  apply. Under Rule 34, a minimum of 30-days notice is required. Fed.R.Civ.P. 34(b)(2)(A).

2  Second, the 30(b)(6) deposition will require the coordination of multiple deponents and was

3  noted for the same day that Defendant must file its papers in opposition to Plaintiff's Motion for

4  Preliminary Injunction. Kolde Dec. at ¶2, Ex. E.

5        Defense Counsel for King County is presently working long hours in order to respond to

6  SeaMAC's Motion for Preliminary Injunction. Kolde Dec. at ¶11. The undersigned counsel has

7  been informed by one of the support staff working on this case that, to-date, King County has

8  gathered 49,288 documents in response to this litigation. *Id.* at ¶12. These documents have only

9  been de-duplicated within each custodian, not across all custodians. *Id.* More documents are still

10  being gathered. *Id.* The number of documents above does not include internal King County

11  communications, which are still being gathered. *Id.* A very small portion of the documents has

12  been reviewed by counsel to-date. *Id.* To expect Defense Counsel to prepare its preliminary

13  injunction response, gather and sift thousands of documents, while preparing numerous Rule

14  30(b)(6) witnesses and the King County Executive for early depositions is unreasonable.

15        The Rule 26(f) conference exists in large part to ensure an orderly process for discovery.

16  *See* Adv. Comm Notes on 1993 Amendments to Fed.R.Civ.P. 26(d)("If deposition are held before

17  the parties' initial meeting to develop a mutually cost-effective discovery plan, the cooperative

18  effort at framing discovery could be frustrated.") Instead, King County is now put in the position

19  of seeking protection from the Court due to SeaMAC's over-reaching demands.

20      **4.**    **Plaintiff's Request for an Early Deposition of Executive Constantine is Unreasonable**

21

22        It is well-established that a party seeking to depose a high-ranking government official for

23  taking official actions must provide compelling evidence that the official possesses information

KING COUNTY'S BRIEF IN OPPOSITION TO SEATTLE MIDEAST AWARENESS CAMPAIGN'S MOTION FOR RELIEF FROM DEADLINE - 7 (11-00094 RAJ)

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820 Fax (206) 296-8819

essential to the case that is not obtainable from another source. *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231-232 (9th Cir.1979); *see* also, *In re United States*, 197 F.3d 310, 313 (8th Cir.1999). In fact, heads of governments are not normally subject to deposition. *Kyle Engineering Co,* 600 F.2d at 232. This prevents the use of depositions for harassment purposes and protects such officials from the burdens of the discovery process. While King County is not objecting to discovery that is directed to the Executive, it is objecting to a testimonial deposition as the discovery vehicle. Instead, Defendant asks that Plaintiff seek discovery from the Executive in the form of interrogatories or a deposition by written questions. *Id.;* Fed.R.Civ.P. 31. In the alternative, King County objects to the unreasonably short notice that has been provided for this deposition of a high-ranking government official.

A determination of what constitutes reasonable notice for the deposition of a high ranking government official requires a consideration of the demands of such a deponent's position and the attendant scheduling constraints. Certainly, the notice of 6 business days (10 calendar days) provided here is unreasonable given the current posture of this case. At a minimum, Plaintiff should not have issued a deposition notice without consulting with Defense counsel about the convenience of specific dates.[2]

Accordingly, Defendant is also filing a motion for protective order, along with this response, asking the Court to order that the depositions not take place as noted.

## V. CONCLUSION

For all of the reasons set forth above, Defendant respectfully asks that the Court deny Plaintiff's request to permit expedited discovery. Plaintiff proffered no justification for its request and it would be burdensome for Defendant to comply with such a discovery order, especially

KING COUNTY'S BRIEF IN OPPOSITION TO SEATTLE MIDEAST AWARENESS CAMPAIGN'S MOTION FOR RELIEF FROM DEADLINE - 8 (11-00094 RAJ)

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

1  while preparing its opposition to Plaintiff's Motion for Preliminary Injunction, which is due on

2  February 7, 2011.

3        DATED this 2nd day of February, 2011 at Seattle, Washington.

DANIEL T. SATTERBERG
King County Prosecuting Attorney

By: /s/ *Endel R. Kolde*
ENDEL R. KOLDE, WSBA #25155
CYNTHIA GANNETT, WSBA #17152
JENNIFER RITCHIE, WSBA#24046
Senior Deputy Prosecuting Attorneys
Attorneys for Defendant
Email: Endel.Kolde@kingcounty.gov
Email: Cynthia.Gannett@kingcounty.gov
Email: Jennifer.Ritchie@kingcounty.gov

---

[2] Defense counsel has also been informed that Executive Constantine is scheduled to be in Washington, D.C. from February 14-17, 2011.  Kolde Dec. at ¶13.

KING COUNTY'S BRIEF IN OPPOSITION TO SEATTLE MIDEAST AWARENESS CAMPAIGN'S MOTION FOR RELIEF FROM DEADLINE - 9 (11-00094 RAJ)

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on February 2, 2011, I electronically filed the foregoing document(s) with the Clerk of the Court using the CM/ECF system, which will send notification to the following plaintiff's attorneys:

*Jeffrey C. Grant, WSBA #11046*
*SKELLENGER BENDER, PS*
*Email: jgrant@skellengerbender.com*

*Sarah A. Dunne, WSBA #34869*
*Lindsey S. Soffes, WSBA #41506*
*ACLU OF WASHINGTON FOUNDATION*
*Email: dunne@aclu-wa.org*
*Email: lsoffes@aclu-wa.org*

DATED this 2nd day of February, 2011 at Seattle, Washington.

By: /s/ *Liah Travis*
LIAH TRAVIS
Paralegal, Litigation Section

KING COUNTY'S BRIEF IN OPPOSITION TO SEATTLE MIDEAST AWARENESS CAMPAIGN'S MOTION FOR RELIEF FROM DEADLINE - 10 (11-00094 RAJ)

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819